**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

TRUSTEES OF THE CEMENT MASONS )
PENSION FUND, LOCAL 502; TRUSTEES )
OF THE CEMENT MASONS INSTITUTE OF )
CHICAGO, ILLINOIS; TRUSTEES OF THE )
CEMENT MASONS SAVINGS FUND, LOCAL )
502; and TRUSTEES OF THE CEMENT MASONS )
APPRENTICE EDUCATION AND TRAINING )
FUND, LOCAL 502, )
                                )      No. 11 C 5389
               v.               )
                                )      Judge
RAI CONCRETE, INC., AN ILLINOIS )
CORPORATION, )      Magistrate Judge
                                )
           Defendant.       )

## COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, complain against Defendant, RAI CONCRETE, INC., as follows:

## COUNT I

1.    (a)    Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S. C. Section 185(a) as amended.

       (b)    Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2.    Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3.    (a)    The Plaintiffs in this count are the TRUSTEES OF THE CEMENT MASONS PENSION FUND, LOCAL 502; TRUSTEES OF THE CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS; TRUSTEES OF THE CEMENT MASONS SAVINGS FUND, LOCAL 502; AND TRUSTEES OF THE CEMENT MASONS APPRENTICE

EDUCATION AND TRAINING FUND, LOCAL 502, ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b)     The Funds have been established pursuant to collective bargaining agreements previously entered into between the Cement Masons Union and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c)     The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4.     (a)     Defendant, **RAI CONCRETE, INC. ("RAI")** an Illinois corporation who is an employer engaged in an industry affecting commerce.

5.     Since on or about May 31, 1995, **RAI** has entered into successive collective bargaining agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees (Exhibit "A").

6.     By virtue of certain provisions contained in the collective bargaining agreements, **RAI** is bound by the Trust Agreement establishing the Funds.

7.     Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **RAI** is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8.     Plaintiffs are advised and believe that for the period **January 1, 2010 through the present, RAI** has failed to make some of the contributions, from time to time required to be

paid by it to the Funds pursuant to the Terms of the collective bargaining agreements and Trust Agreements by which it is bound, all in violation of its contractual obligations and obligations under applicable state and federal statutes.

WHEREFORE, Plaintiffs pray for relief as follows:

A.    Defendant be ordered to submit its records for an audit for **January 1, 2010 through the present.**

B.    Judgment be entered on amount due on the audit.

C.    Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D.    **RAI** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E.    This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE CEMENT MASONS PENSION FUND, LOCAL 502, et. al.**

By: s/ Donald D. Schwartz
    One of their Attorneys

Donald D. Schwartz
**ARNOLD AND KADJAN**
203 N. LaSalle St., Ste. 1650
Chicago, Illinois 60601
(312) 236-0415

# CEMENT MASONS' UNION
# LOCAL No. 502

OPERATIVE PLASTERERS' AND CEMENT MASONS' INTERNATIONAL ASSOCIATION
OF THE UNITED STATES AND CANADA

739 25th AVENUE · BELLWOOD, ILLINOIS 60104

TELEPHONE: 544-9100

6376

## CONTRACTOR'S APPLICATION
### Regarding the Employment of Members of the Cement Masons' Union Local No. 502.

Date 12/28 . 19 92

Name of Business Rai Concrete Inc.

Name of Owner Nick Raimondi

Address 996 Bowie Drive Carol Stream, IL 60188        same
        Business                                       Residential

Telephone 708-665-0871                                 same
        Business                                       Residential

Experience and length of time in Cement Construction work, either as an employer or employee:

16 years

Name and address of Bank and bank references:

Firstar DuPage Dave Provancher

Social Security Number of your business

State of Illinois Unemployment Account Number T 2144873-4

Copy of Workmen's Compensation Insurance Policy or a Certificate of Insurance Company certifying the existence of same must accompany this application.

Also accompanying this application shall be the following:

A bond issued by an Insurance Company, or a Certificate of Insurance certifying the existance of the same guaranteeing:

(1.) The payment of all wages to employees.
(2.) Payments to the Welfare Fund as required of all Contractors under the Agreement and Declaration of Trust dated August 1, 1950, entered into between this Union and various Associations named therein.
(3.) Payments to the Pension Fund as required of all Contractors under the Agreement and Declaration of Trust dated October 1, 1955, entered into between this Union and the various Associations named therein.

Said Bond shall be in the amount of Ten Thousand ($10,000.00) Dollars.

In consideration of the approval of such application, the contractor or employer shall comply with all the rules, requirements, Constitution and By-laws of this Local Union.

Further, it is understood and agreed that upon approval of this application by this Local Union the undersigned Employer or Contractor shall be fully bound to all the terms and conditions of the Memorandum of Agreement printed on the reverse side hereof and expressly made a part of this Agreement.

The Executive Board will pass upon all applications within thirty (30) days from the date of presentation. The ruling of the Executive Board shall be final and binding.

X _____
Rai Concrete Contractor Nick Raimondi

Remarks:

_____

_____

_____

Executive Board
Nick Raimondi
Carmela Raimondi

Approved: ☐

Disapproved: ☐

EXHIBIT A

ILLINOIS STATE CONFERENCE
OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION

MEMORANDUM OF AGREEMENT

This Agreement is entered into by and between Cement Masons and Plasterers Local Unions No. 152, 667, 143, 5, 301, 502, 183, 103, 667, 803, 90, 638, 905, 206, 359, 161, 330, 636, 26, 544, 376, 542, 297, 855, 274, 12, 137, 382, 349, 59, 539, 858, 156, 362, and 331, affiliated with the Operative Plasterers' and Cement Masons' International Association, AFL-CIO, together with any other locals which may be formed in the State of Illinois (collectively referred to as the Union) and

Rai Concrete as the Employer)    Nick Raimondi

1. Employer, in response to the Union's claim that it represents an uncoerced majority of each Employer's employees, acknowledges and agrees that there is no good faith doubt that the Union has been authorized to and in fact does represent such majority of employees. Therefore, the Union is hereby recognized as the sole and exclusive collective bargaining representative for the employees now or hereafter employed in the bargaining unit with respect to wages, hours of work and other terms and conditions of employment.

2. The collective bargaining agreements between the Employer Associations including, but not limited to the following, and any of the local unions where applicable and in the geographical jurisdiction of the local union where bargained, are hereby incorporated herein with the same force and effect as if herein set forth in full, with respect to the wages, hours of work and fringe benefits and all other terms and conditions of employment for all aforesaid Cement Masons, Plasterers and Shop Hand employees who are or have been employed by the Employer:

The Employer affirms the collective bargaining agreements between the Union and the Associations of Employers listed below as applicable to him, with all amendments thereto. The terms of this agreement shall control in the event of a conflict with the Association agreements.

'The Illinois Road Builders Association; The Builders Association; The Concrete Contractors Association; The Plastering Contractors Association; The Contractors Association; The Road and Bridge Builders Association; The Employing Plasterers Association; The Mason Contractors Association; The Fox Valley General Contractors Association; and any or all other Employers' Associations who are party to a collective bargaining agreement with any of the aforesaid local unions. Nothing herein shall limit the jurisdiction of this agreement to less than the State of Illinois.

3. The Employer agrees to pay the amounts which he (it) is bound to pay under the aforementioned Collective Bargaining Agreements to the CEMENT MASONS' & PLASTERERS' WELFARE FUND, the CEMENT MASONS' & PLASTERERS' PENSION FUND, the CEMENT MASONS' & PLASTERERS' APPRENTICESHIP-EDUCATIONAL FUND, and to the CEMENT MASONS' & PLASTERERS' SAVING FUND, and to become bound by and be considered a party to the Trust Agreement upon which the Funds above are based, and acknowledges and agrees to be bound by any and all separate Agreements with the Trustees of the various Funds or any Agreements with the officials of aforesaid local unions, as if he (it) has signed the original copies of the Trust instruments and any amendments thereto. The Employer ratifies and confirms the appointment of the Employer Trustees who shall, together with their Successor Trustees designated in the manner provided in said Agreements and Declarations of Trust, and jointly with an equal number of Trustees appointed by the Union, carry out the terms and conditions of the Trust Agreements.

The Employer further affirms and re-establishes that all prior contributions paid to the Welfare, Pension, Apprentice and Savings Funds were made by duly authorized agents of the Employer at the proper rates for the appropriate periods of time and that by making said prior contributions the Employer evidenced the intent to be bound by the terms of the Trust Agreement and Collective Bargaining Agreements which were operative at the time the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the Employer to the applicable agreements. The Employer further agrees that the Trustees may at any time have an audit made by an independent public accountant or its representatives of the payroll records of the Employer in connection with said contributions and/or reports. Where an audit discloses a difference between hours actually worked by an employee and hours reported to the Funds by the Employer and where such audit discloses any willful violation of any of the requirements of the Trust Agreements, the officers and directors of the Employer, if a corporation, or the owner or partners of the Employer, as applicable, shall be personally liable for any underpayment or other pecuniary loss to the Fund as a result of such conduct.

4. Employees covered by this Memorandum of Agreement shall retain all the work traditionally performed by Cement Masons, Plasterers and Shop Hands. The Employer agrees that he will not cause any such traditionally performed work to be done at a contruction site by employees other than those covered by this Memorandum of Agreement, except with the prior written consent of the Union. Any Employer who contracts out or sublets any of the work coming within the jurisdiction of the Union shall act as Guarantor of each subcontractor for prompt payment of employees wages and other benefits, including reasonable attorneys fees incurred in enforcing the provisions hereof. Notwithstanding any agreement to the contrary, the Employer's violation of any provision of the paragraph will give the Union the right to take any other lawful action, including all remedies at law or equity.

5. It is further agreed that the Employer will pay all of its Cement Mason or Plasterer or Shop Hand employees on an hourly basis only. Piece rate wages shall not, under any circumstances, be permitted.

6. In the event of any change in the ownership, management or operation of the Employer's business by sale or otherwise, it is agreed that as a condition of such transfer or change it shall be provided in the instrument effecting the change that the new owner and management shall be fully bound by the terms and conditions of this Agreement. This Agreement is applicable to all successors and transferees and assigns of the Employer, whether corporate or otherwise.

7. The parties agree that nothing herein is intended to nor shall it be construed as created recognition of or bargaining with a multi-employer bargaining unit other than those already recognized by the Local Union and limited to geographic jurisdiction of the Local Union.

8. That the individual signing this agreement agrees to be personally, jointly and severally liable with the employer for any willful failure to pay wages or to accurately report hours to the fringe benefits required by contract.

9. That this document is the complete written agreement between the parties and can only be amended in writing by the parties. No other oral representations shall be binding on either party nor shall any party rely upon such oral statements that vary the terms of the written contract.

10. This Agreement shall remain in full force and effect through the 31st day of May, 1996 unless either party sends written notice to modify or amend this Agreement by registered or certified mail no sooner than ninety (90) days but no later than (60) days prior to expiration.

11. In the absence of notice provided in paragraph 9 above the Employer and the Union agree to be bound to the area wide negotiated contracts with the various associations which are incorporated into this memorandum of agreement and extend this agreement for the life of the newly negotiated contract and any extensions, modifications and amendments thereto and to incorporate them by reference in this Memorandum.

12. The Employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. Employer further acknowledges receipt of a copy of the complete memorandum of agreement and is further advised that it can obtain copies of any incorporated documents upon request from the Union.

IN WITNESS WHEREOF and in consideration of the mutual promises of the parties hereto, and for other good and valuable consideration this Memorandum of Joint Working Agreement was entered into this _____ day of _____ 19____

EMPLOYER: BY X _____

C.M. Local Union No. ____
C.M. & P. Local Union No. 195
C.M. & P. Local Union No. 663
C.M. & P. Local Union No. 143
P. Local Union No. 5
C.M. Local Union No. 502
C.M. & P. Local Union No. 103
C.M. & P. Local Union No. ____
C.M. & P. Local Union No. 59
C.M. Local Union No. 803
C.M. & P. Local Union No. 115
C.M. & P. Local Union No. 638
C.M. & P. Local Union No. 265
C.M. & P. Local Union No. ____

C.M. & P. Local Union No. 600
C.M. & P. Local Union No. 542
C.M. & P. Local Union No. 257
C.M. & P Local Union No. 12
C.M. & P. Local Union No. 157
C.M. & P. Local Union No. 249
C.M. & P. Local Union No. 382
P. Local Union No. 599
C.M. Local Union No. 929
C.M. & P. Local Union No. 858
P. Local Union No. ____
C.M. & P. Local Union No. 159
C.M. & P. Local Union No. 352
C.M. & P. Local Union No. 331

* C.M. (Cement Masons)   P. (Plasterers)   C.M. (Ornamental Plasterers)   C.C. (Cement Coaters)